```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```
LASCELLE SMITH,

                          Plaintiff,                    **MEMORANDUM AND ORDER**

          — against —                          11-cv-3812 (SLT) (LB)

MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,

                          Defendant.
```
-----------------------------------------------------------X
```
**TOWNES, United States District Judge:**

       Lascelle Smith ("Plaintiff"), proceeding *pro se*, brings this action against Michael Astrue as Commissioner of Social Security Administration ("Defendant"), alleging that Defendant discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000-e et. seq. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et. seq. Defendant has moved for to dismiss or, in the alternative, for summary judgment, alleging that Plaintiff's claims are unexhausted.

       Before turning to Defendant's motion, however, it is necessary to address whether to treat that motion as a motion to dismiss or as a motion for summary judgment. The Second Circuit has held that "[a] district court may not convert a motion under Federal Rule of Civil Procedure 12(b)(6) into a Rule 56 motion for summary judgment without sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)). "*Pro se* litigants must have unequivocal notice of the meaning and consequences of conversion to summary judgment, because a *pro se* litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues." *Yacklon v. East Irondequoit Central Sch. Dist.*, 733 F. Supp. 2d 385, 386 (W.D.N.Y. 2010) (internal citation and quotation marks omitted). The adequacy of such notice is "governed by principles of substance rather than form." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (citation omitted). Moreover, the Second Circuit has indicated that before a Rule 12(b)(6) motion to dismiss may be converted into a Rule 56 motion for summary judgment,

there "should be some indiction *by the court* to all parties that it is treating the 12(b)(6) motion as a motion for summary judgment." *Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir. 1987) (internal quotation marks omitted) (emphasis added).

Here, although Defendant's notice of motion was accompanied by a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," Plaintiff has received no notice from the court of its intent to convert the motion. Accordingly, the court advises Plaintiff that it formally converts Defendant's Rule 12 motion into a motion for summary judgment on the issue of whether Plaintiff has exhausted his administrative remedies. In this regard, the court notes that, to pursue a Title VII claim in federal court, a plaintiff ordinarily must first exhaust his administrative remedies. *See Mathirampuzha v. Potter*, 548 F.3d 70, 74–75 (2d Cir. 2008). Specifically, the EEOC regulations require that the aggrieved employee consult with an EEO counselor at the relevant agency within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1); *see Mathirampuzha*, 548 F.3d at 75. This initial 45–day period "serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001); *see also Forde v. Donahoe*, 2012 WL 1020038, at *14 (E.D.N.Y. March 26, 2012).

The failure to exhaust, however, is not jurisdictional in nature, and thus the court may consider whether any grounds exist for equitable tolling. *See Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000). Nonetheless, equitable tolling is "only appropriate in rare and exceptional circumstances." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003) (internal quotation marks and alterations omitted). The EEOC regulations allow for an extension of the 45-day time period for individuals to seek EEO counseling in the following circumstances:

> when the individual shows that he or she was not notified of the
> time limits and was not otherwise aware of them, that he or she

> did not know and reasonably should not have been known that the
> discriminatory matter or personnel action occurred, that despite
> due diligence he or she was prevented by circumstances beyond
> his or her control from contacting the counselor within the time
> limits, or for other reasons considered sufficient by the agency or
> the Commission.

29 C.F.R. § 1614.105(a)(2).

Defendant's motion for summary judgment means that it has asked the court to decide the exhaustion issue based on written materials, including affidavits, submitted in support of its motion. Plaintiff's complaint may be dismissed without a trial if he does not respond to this motion on time by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In opposing Defendant's motion, Plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that demonstrate either that he exhausted his claim or is entitled to equitable tolling. If Plaintiff has evidence relevant to these issues, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. Plaintiff may submit his own affidavit and/or the affidavit of others. He may submit affidavits that were prepared specifically in response to Defendant's motion for summary judgment.

Given that the court is converting Defendant's motion to dismiss to one for summary judgment, it makes no decision at this time concerning the exhaustion issue. Rather, Plaintiff is directed to submit his response to Defendant's motion for summary judgment, along with any affidavits and/or documents contradicting the material facts asserted by Defendant, by May 3, 2013, to which Defendant may reply by May 17. Plaintiff should explain whether he in fact missed the 45-day deadline to seek EEO counseling and, if he did, why he missed the deadline. If Plaintiff fails to respond to Defendant's motion, the court may accept Defendant's facts as

3

true and the case may be dismissed and judgment may be entered in Defendant's favor without a trial.

If Plaintiff has any questions, he may direct them to the Pro Se Office.

SO ORDERED.

                                        /s/
                              SANDRA L. TOWNES
                              United States District Judge

Dated: March 29, 2013
       Brooklyn, New York